In the Matter of ROBERT SCHWARTZ, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.

Second Department, December 2, 1974.

*Charles T. Matthews* for petitioner.

*Arnold Davis* for respondent.

*Per Curiam.* The respondent was admitted to practice by the Appellate Division, Second Judicial Department, on December 19, 1951. As a result of a prior disciplinary proceeding, he was suspended from the practice of law for a period of one year, effective December 1, 1971. The suspension has continued until the present time.

The present disciplinary proceeding arose out of the respondent's conviction, on July 30, 1971 in the United States District Court for the Eastern District of New York, of conspiring with others to commit offenses against and to defraud the United States, more particularly the Securities and Exchange Commission, by agreeing to cause a broker and dealer to pledge and hypothecate 150,000 shares of the common stock of Triangle Instrument Co. Inc. to Sterling Factors Corp., which shares had been carried for the account of customers of the broker under

circumstances that permitted the commingling of the customers' stock without their written consent. The conviction arose out of an 18-count indictment handed up by a Federal Grand Jury on November 11, 1966. Count 18, the above-mentioned conspiracy count, was severed and the respondent was tried thereon, resulting in his conviction.

On December 13, 1971 this court ruled that the Federal conviction was a misdemeanor under New York law, that the respondent was therefore entitled to a disciplinary hearing concerning this conviction while remaining suspended as a result of the discipline previously imposed and referred the issues to Mr. Justice GEILER of the Supreme Court for a hearing and report. The petitioner and the respondent agreed that the proceeding be decided upon the record created in the Federal court. A hearing was held and concluded on October 15, 1973 and the said Justice's report was filed with this court on January 31, 1974. The petitioner has moved for the confirmation of the report and for imposition of discipline and the respondent has also requested confirmation of the report.

According to the report, as well as the minutes submitted concerning the Federal conviction, in 1960 the respondent was legal adviser to Armstrong & Co. Inc., a newly organized brokerage house. In September, 1961 Armstrong, as underwriter, offered for sale 150,000 shares of Triangle Instrument Co. Inc. stock at $2 per share. Armstrong was to sell all the shares within 45 days after September 15, 1961 or be forced to give up the offering and return any money collected to the subscribers. Armstrong's failure to completely dispose of the issue within the required time would result in the loss to it of $25,000 expended for legal and accounting fees and the loss of $45,000 in commissions it would otherwise earn.

The issue was not entirely sold at the end of October, 1961, although Edens, the president of Armstrong, represented to Triangle that the issue was fully sold and that a closing would take place on November 15, 1961. The respondent and Edens falsely informed Triangle that the reason for the delay in closing was that the stock certificates had not yet been printed. The truth, known to the respondent, was Armstrong's lack of funds resulting from its inability to dispose of all the 150,000 shares. The respondent suggested that Armstrong borrow the funds necessary for the closing and, by pledging the shares of stock, a loan was obtained from Sterling Factors after the respondent led Sterling into believing that funds were forthcoming for the repayment of the loan.

The reporting Justice found that the respondent had not used good judgment in permitting the shares to be pledged; that he had lost sight of his attorney-client relationship and had personally guaranteed a $115,000 loan; and that he had allowed his client to illegally advance $40,000 to Triangle before all the stock was sold. We are in agreement with these findings.

The reporting Justice concluded in his report that the respondent had not knowingly or consciously violated the law. We find, however, that the respondent's full participation in the transaction cannot be considered as lacking moral turpitude. We disagree with the reporting Justice only to the extent that he found no moral turpitude in the respondent's actions.

In our opinion the charges are fully sustained by the proofs and the report should be and hereby is confirmed only to the extent indicated herein.

In determining the nature of discipline to be imposed we have taken into consideration the respondent's prior one-year suspension resulting in his continuous suspension since December 1, 1971. We hereby impose an additional suspension from the practice of law, ending on December 31, 1975.

HOPKINS, Acting P. J., LATHAM, CHRIST, BRENNAN and BENJAMIN, JJ., concur.